**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT LEE GIVENS, CDCR #H-29884,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>A. MILLER, et al.,<br><br>　　　　　　　　　Defendants. | Civil No.　15cv2877 GPC (PCL)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br>**[ECF Doc. No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

　　Robert Lee Givens ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).

　　Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF Doc. No. 2.

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 2016 WL 112684 at *3 (U.S. Jan. 12, 2016) (No. 14-844); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement, verified by a prison accounting official pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF Doc. No. 3; *Andrews*, 398 F.3d at 1119. Plaintiff's statement shows that while he has had $50.01 in average monthly deposits, and has carried an average monthly balance of $79.33 in his trust account during the 6-month period preceding the filing of this action, he had a current available balance of zero at the time of filing. Thus, while the Court assesses Plaintiff's initial partial filing fee at $15.86 pursuant to 28 U.S.C. § 1915(b)(1), it appears he may be unable to pay that initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2), and will direct the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees mandated by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**III.    Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

    **A.    Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint,

1  which is frivolous, malicious, fails to state a claim, or seeks damages from defendants
2  who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203
3  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621
4  F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

5        All complaints must contain "a short and plain statement of the claim showing that
6  the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are
7  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
8  mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
9  (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether
10 a complaint states a plausible claim for relief [is] . . . a context-specific task that requires
11 the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere
12 possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also*
13 *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

14       "When there are well-pleaded factual allegations, a court should assume their
15 veracity, and then determine whether they plausibly give rise to an entitlement to relief."
16 *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
17 ("[W]hen determining whether a complaint states a claim, a court must accept as true all
18 allegations of material fact and must construe those facts in the light most favorable to
19 the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that
20 § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

21       However, while the court "ha[s] an obligation where the petitioner is pro se,
22 particularly in civil rights cases, to construe the pleadings liberally and to afford the
23 petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.
24 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
25 "supply essential elements of claims that were not initially pled." *Ivey v. Board of*
26 *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
27 / / /
28 / / /

### B. Plaintiff's Claims

Plaintiff claims Defendants, all alleged to be state correctional officials employed at CEN, or appeals officials assigned to the CDCR's office of inmate appeals, have charged and punished him with repeated and progressively enhanced disciplinary violations for failing to provide urine samples pursuant to the CDCR's "Random Drug Test Program," as set forth in Cal. Code Regs., tit. 15, § 3290. *See* Compl., ECF Doc. No. 1 at 3, 7-26. Plaintiff claims he is unable to supply the ordered samples without some modifications based on his "mental health condition," which includes an anxiety-related "shy bladder syndrome," that has been confirmed and documented by his treating doctors. *Id.* at 8-17. Plaintiff claims Defendants' refusal to accommodate his condition, and his continued disciplinary punishments "due to his disability" violate the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act. *Id.* at 7, 18, 24-25. Plaintiff seeks injunctive relief as well as general and punitive damages. *Id.* at 28-29.

As currently pled, the Court finds Plaintiff's Complaint contains constitutional and/or statutory claims which do not appear to be frivolous or malicious, and which may "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Therefore, Plaintiff's allegations are sufficient to overcome the "low threshold" required to survive the Court's initial sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Accordingly, the Court will direct the U.S. Marshal to effect service of Plaintiff's Complaint and summons on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**IV.     Conclusion and Orders**

Good cause appearing, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

2.     **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.     **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF Doc. No. 1) upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF Doc. No. 1), and the summons so that he may serve each Defendant named in the Complaint.[3] Upon

---

[3] Plaintiff must, of course, identify the Defendant he lists only as "Jhon Doe," and whom he currently describes only an Assistant Warden assigned to CEN, *see* Compl. at 3, by his true name and substitute that individual person in place of the Doe by amending his Complaint to identify that party before the United States Marshal will be ordered to execute service upon him. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against Jhon Doe at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover his identity, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible for each named Defendant, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

     5.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

     6.    **ORDERS** Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

     7.    **ORDERS** Plaintiff to serve upon Defendants or, if an appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document he wishes the Court to consider. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

     **IT IS SO ORDERED**.

DATED: March 14, 2016

                                                                 */s/ Gonzalo Curiel*
HON. GONZALO P. CURIEL
United States District Judge