1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

ROBERT LEE GIVENS,

CASE NO. 15cv2877-GPC(PCL)

11

Plaintiff,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

12

v.

13
14

A. MILLER, et al.,

15

Defendant.

[Dkt. Nos. 21, 27.]

16

Robert Lee Givens ("Plaintiff"), an inmate proceeding *pro se*, has filed a civil

17

rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1, Compl.)  Before the Court

18

are Defendants' motion to dismiss the complaint and Plaintiff's motion for leave to file

19

a first amended complaint. (Dkt. Nos. 21, 27.)  Oppositions to both motions were filed.

20

(Dkt. Nos. 23, 28.)  A reply to Defendants' motion to dismiss was filed.  (Dkt. No. 24.)

21

Based on the reasoning below, the Court GRANTS Defendants' motion to dismiss and

22

DENIES Plaintiff's motion for leave to file a first amended complaint.

23

**Factual Background**

24

Plaintiff filed a complaint against numerous Defendants,[1] who are state

25
26

_____

[1]Defendants A. Miller, Warden, and R. Madden, Chief Deputy Warden, have not

27

yet been served with the complaint.  Despite not having been served, based on the Court's reasoning in this Order, the Court *sua sponte* DISMISSES Defendants A. Miller and R. Madden.  See 28 U.S.C. § 1915(A)(b); 28 U.S.C. § 1915(e)(2)(B)(ii);

28

Chavez v. Robinson, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (citing Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (allowing the court to *sua sponte*

correctional officials employed at Centinela State Prison ("Centinela") in California, or appeals officials assigned to the California Department of Corrections and Rehabilitation's ("CDCR") office of inmate appeals, for violations of the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA"). (Dkt. No. 1.) Plaintiff claims he was charged, convicted and punished with repeated disciplinary violations for failing to provide urine samples pursuant to the CDCR's "Random Drug Test Program," as set forth in Cal. Code Regs., tit. 15, § 3290. (Dkt. No. 1 at 3[2], 7-26.) Plaintiff claims he is unable to supply the ordered urine samples without some modifications based on his "mental health condition," which includes an anxiety-related "shy bladder syndrome," that has been confirmed and documented by doctors.  (Id. at 8-17.)  Plaintiff claims Defendants' refusal to accommodate his condition, and his continued disciplinary punishments "due to his disability" violate the Eighth and Fourteenth Amendments, as well as the ADA.  (Id. at 7, 18, 24-25.) Plaintiff seeks injunctive relief as well as general and punitive damages. (Id. at 28-29.)

The Correctional Officer Defendants[3] ("CO Defendants") move to dismiss the complaint arguing the claims are barred under the "favorable termination" doctrine under Heck v. Humphrey, 512 U.S. 477 (1994) as a ruling in favor of Plaintiff would necessarily imply the invalidity of his disciplinary sentence.  In addition, Appeals Officer Defendants Pimentel, Hodges, Hemenway and Briggs move to dismiss arguing their participation in the appeals process fails to state a claim.  Lastly, the CO Defendants argue they are entitled to qualified immunity for relying on the plain language of the California regulations regarding the random drug test program. Plaintiff opposes.

**Discussion**

_____

dismiss a complaint before service if it fails to state a claim)).

[2]The page numbers are based on the CM/ECF pagination.

[3]The CO Defendants are J. Rodriguez, E. Vargas, L. Botello, M. Maldonado, O. Cox, A. Rodriguez and J. Sais.

**A.    Legal Standard on Motion to Dismiss**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff.  al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless

the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.  See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

**B.    Request for Judicial Notice**

Defendants filed a request for judicial notice of two dispositions of disciplinary hearings on August 1, 2014 and August 22, 2014 for two separate Rules Violation Reports for failing to provide a urine sample. (Dkt. No. 21-2.)  These two documents are already attached to the complaint; however, Defendants seek to provide the Court with a legible copy through their request for judicial notice.  Plaintiff has not opposed.

The Court may "consider certain materials–documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  "Materials submitted as part of the complaint are not considered 'outside' the complaint and may be considered" on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Butler v. Los Angeles County, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (material properly submitted as part of the complaint may be considered)).  Here, because the documents Defendants seek judicial notice of are already attached to the complaint, the Court GRANTS Defendants' request for judicial notice.

**C.    "Favorable Termination" Doctrine under Heck**

Under Heck,"a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," and seek either "immediate release from prison" or "'shortening' of his term of confinement" but rather must seek habeas corpus

relief.  Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).

In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The holding in Heck is also referred to as the "favorable termination" doctrine.  Muhammad v. Close, 540 U.S. 749, 751 (2004) ("where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.").  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Heck, 512 U.S. at 487.

Subsequently, the United States Supreme Court, in Edwards v. Balisok, extended the favorable termination doctrine "to prison disciplinary actions that implicated the prisoner's term of confinement."  Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (citing Edwards v. Balisok, 520 U.S. 641, 643-44 (1997)).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson, 544 U.S. at 81-82.

In Edwards, a prisoner brought suit under § 1983 challenging the procedures

[15cv2877-GPC(PCL) ]

used in a disciplinary hearing.  <u>Edwards</u>, 520 U.S. at 643.  Although the prisoner's conviction resulted in the loss of good-time credits, as well as other restrictions in prison, his suit sought only damages, and an injunction against future violations.  <u>Id.</u> The Court held that the prisoner could not avoid the limitation on § 1983 suits imposed by <u>Heck</u>, because the alleged due process defects, if established, "necessarily imply the invalidity of the deprivation of his good-time credits."  <u>Id.</u> at 646.  Therefore, Court concluded that the prisoner's claims were not cognizable under § 1983.  <u>Id.</u>  Thus, to determine whether <u>Heck</u> and <u>Edwards</u> bar a claim for damages arising from a prison disciplinary hearing, the court must examine "not the relief sought, but the ground of the challenge."  <u>Miller v. Indiana Dept. of Corrections</u>, 75 F.3d 330, 331 (7th Cir. 1996).

Here, Plaintiff seeks damages and injunctive relief against Defendants J. Rodriguez, E. Vargas, L. Botello, M. Maldonado, O. Cox, A. Rodriguez and J. Sais for violating his Eighth and Fourteenth Amendment rights and also the ADA when they found him guilty of failing to provide a urine sample when Plaintiff could not do so because of his paruresis or "shy bladder."  (Dkt. No. 1 at 28-29.)  Plaintiff was found guilty of 16 Rules Violation Report ( "RVR") violations for failing to provide a urine sample pursuant to CCR § 3290(d) from February 9, 2014 to September 5, 2014, (Dkt. No. 1, Compl. at 7-14).   As part of some of his RVRs, Plaintiff included an informational chrono dated April 8, 2014 from J. Venn, Ph.D. suggesting modifications to the urine sampling procedure, (Dkt. No. 1-1, Ex. C at 13; <u>see id.</u>, Ex. E at 27 (considered at 4/16/14 hearing)), another informational chrono dated May 18, 2014 by Dr. Venn explaining that Plaintiff asked him to write the chrono to explain he has an anxiety disorder that renders him incapable of urinating when another man is watching, (<u>id.</u>, Ex. G at 36), and another one dated July 16, 2014 from Dr. Deacivc where it was determined that Plaintiff "suffers from an anxiety disorder which renders him unable to urinate while being watched."  (<u>Id.</u>, Ex. O at 86; <u>see</u> Dkt. No. 21-2, Ds' RJN, Ex. 1 at 7 (considered at 8/1/14 hearing).)

The sanctions imposed for the violations included 30 days forfeiture of behavioral credits for each conviction and other sanctions such as visiting restrictions, loss of yard privileges, loss of all personal electronic appliances, entertainment items and no personal property package. (See Dkt. No. 1-1 at 41.) Plaintiff received four additional RVRs on September 4, 11, 18, 22, 2014 for failing to provided the ordered urine sample. (Dkt. No. 1, Compl. at 15.) On September 24, 2014, he was transferred to SVSP. (Id.) On October 4, 2014, Plaintiff appeared at a hearing for his four RVRs received in September 2014, and was found not guilty of the charge of violating CCR § 3290(d) for refusing to provide a urine sample. (Id. at 16; Dkt. No. 1-2, Exs. U-X at 1-26.) According to Plaintiff, his third level appeals concerning the RVRs dated February 5, 2014, April 6, 2014, June 18, 2014 and July 15, 2014 were denied either by Defendants Briggs, Hodges, Hemenway and/or Pimentel. (Dkt. No. 1, Compl. at 17; Dkt. Nos. 1-2, Ex. Y at 28-29; id., Ex. Z at 47-48; id., Ex. Z/1 at 62-63; id., Ex. Z/2 at 79-80.)

### 1.    Due Process Violations

While Plaintiff alleges "due process" violations, he does not specify what due process violations occurred during the prison disciplinary hearings. Defendants move to dismiss arguing this claim is Heck-barred. Plaintiff disagrees.

In liberally construing the complaint, to the extent Plaintiff alleges a due process violation based on improper procedures during the disciplinary hearings, it would be barred by Heck, as a decision in Plaintiff's favor would necessarily imply the invalidity of his loss of good-time credit assessed at each of the convictions. See Edwards, 520 U.S. at 646-48 (§ 1983 claim was not cognizable because allegation of procedural defect—a biased hearing officer—would result in an automatic reversal of the prison disciplinary sanction); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1097 (9th Cir. 2004) (§ 1983 claims were not cognizable because they relied on " 'deceit and bias' on the part of the [parole] decisionmakers, and impl[ied] the invalidity of [the prisoners'] confinement insofar as [the prisoners'] prolonged incarcerations [we]re due to the

purported bias of state officials").  Moreover, Plaintiff has not demonstrated that the sanctions have been reversed, expunged or declared invalid.  See Heck, 512 U.S. at 487.  Therefore, the Court GRANTS Defendants' motion to dismiss the cause of action for due process violations.

## 2.    Eighth Amendment Violations

Plaintiff next alleges, it appears, an Eighth Amendment "cruel and unusual punishment" or conditions of confinement violations for repeated punishment over a seven month period from February 5, 2014 to August 2014 for refusing to provide a urine sample even though the CO Defendants knew, based on the informational chronos Plaintiff provided, he had a medical condition of a "shy bladder." (Dkt. No. 1, Compl. at 18-24; Dkt. No. 1-2, Ex. Z/2 at 88-91.)  He acknowledges he was assessed 30 days forfeiture of behavioral credits, (Dkt. No. 1, Compl. at 18-22), but his punishment also included visiting restrictions, loss of yard privileges, loss of all personal electronic appliances, entertainment items and no personal property package. (See Dkt. No. 1-1 at 41.)  In their motion, Defendants argue that his Eighth Amendment claim is barred by Heck because his guilty findings resulted in 30 days "good time" credits which affected the length of his prison term.

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty upon prison officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A prisoner must satisfy an objective and subjective requirement.  Id. at 834; Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the prison official's acts or omissions must deprive an inmate of "the minimal civilized measure of life's necessities."  Farmer, 511 U.S. at 834 (citation omitted).  This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety."  Id. at 833.  The subjective requirement, concerning the defendant's state of mind, requires "deliberate indifference" which exists when a prison official "knows of and disregards an excessive risk to inmate

health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 834, 837.

Despite documentation by Dr. Venn and Dr. Deacivc that Plaintiff has an anxiety disorder of a "shy bladder," Plaintiff was repeatedly found guilty of refusing to provide a urine sample and subjected to sanctions including forfeiture of 30 days behavioral credits for each guilty finding, which equates to about losing 480 days of good time credits, as well as loss of privileges. Because of repeated violations, Plaintiff was placed into privilege group C and as a result, his lost privileges include "loss of all personal electronic appliances, entertainment items," . . . "No family visits, 1/4 the maximum monthly canteen draw, Telephone calls on an emergency basis only as determined by facility staff, Loss of Yard, No access to any other recreational or entertainment Activities, no personal property packages." (Dkt. No. 21-2, Ds' RJN, Ex. 1 at 8.) In addition, on June 14, 2014, Plaintiff was removed from his work assignment for one year and unable to pursue his certification to "learn a trade." (Dkt. No. 1, Compl. at 19.) Plaintiff does not object to complying with the random drug testing policy but alleges he needed an accommodation due to his "shy bladder."

The United States Supreme Court has held that an action seeking restoration of good-time credits, which attacks the duration of confinement, is at the core of habeas corpus and cannot be pursued under § 1983. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973). Subsequently, the holding has been expanded to include an action for damages, not just an action seeking restoration of good-time credits, where the court must assess whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction. <u>Heck</u>, 512 U.S. at 487. In <u>Edwards</u>, the Court expanded <u>Heck</u> to apply to prison disciplinary proceedings that implicates a prisoner's term of confinement. <u>Edwards</u>, 520 U.S. at 643-44. In <u>Muhammad v. Close</u>, the Court explained that challenges to disciplinary proceedings are barred by <u>Heck</u> only if the § 1983 action would be "seeking a judgment at odds with [the prisoner's] conviction or

1   with the State's calculation of time to be served." <u>Muhammad</u>, 540 U.S. at 754-55 ("he
2   raised no claim on which habeas relief could have been granted on any recognized
3   theory").

4       Here, Plaintiff's Eighth Amendment claim is premised on repeated sanctions,
5   including sixteen 30 days forfeiture of behavioral credits, over a seven month period
6   for failing to provide a urine sample despite providing documentation of a medical
7   condition. He directly challenges the disciplinary sanctions issued against him. While
8   the sanctions include loss of privileges that relate to his conditions of confinement, the
9   sanctions also include numerous instances of forfeitures of 30 days behavioral credits.
10  Moreover, while he explicitly challenges his punishments, in essence, he is also
11  implicitly challenging the results of the disciplinary proceedings. He claims he was
12  subject to "cruel and unusual punishment" because he should not have been found
13  guilty of failing to provide a urine sample due to his "shy bladder." Therefore, the
14  Eighth Amendment claim impliedly challenges the disciplinary findings and directly
15  contests the disciplinary sanctions, which include the forfeiture of 30 days behavioral
16  credits, imposed against him which necessarily implicates the validity of the prison
17  disciplinary conviction and disciplinary sanction. <u>See</u> <u>Muhammad</u>, 540 U.S. at 751
18  ("where success in a prisoner's § 1983 damages action would implicitly question the
19  validity of conviction or duration of sentence, the litigant must first achieve favorable
20  termination of his available state, or federal habeas, opportunities to challenge the
21  underlying conviction or sentence."). The Eighth Amendment claim is at the core of
22  habeas corpus and should be brought as such. Accordingly, the Court GRANTS
23  Defendants' motion to dismiss the claim for conditions of confinement under the
24  Eighth Amendment.[4]

25      **3.    ADA Violations**

26      Plaintiff also alleges ADA violations against individual CO Defendants. He

27

28      [4]Because the Court grants Defendants' motion to dismiss, it need not address
whether the individual CO Defendants are entitled to qualified immunity.

[15cv2877-GPC(PCL)]

alleges that he has a disability covered under the ADA and he was excluded from participation in or denied the benefits of the services, programs and activities of the prison. (Dkt. No. 23 at 3.) Defendants move to dismiss the ADA claim as <u>Heck</u>-barred and also that the injunctive relief he seeks is moot since Plaintiff has been transferred to another prison and he does not allege that he is currently being subject to violations. In response, Plaintiff argues that the requested injunctive relief is not moot because he reserves the right to amend the complaint "to include all prisons within the State of California for prisoner's who have been 'properly diagnosed,' that such prisoner's (sic) be accommodated." (Dkt. No. 23, P's Opp at 18.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. State prisons are covered public entities under Title II of the ADA. <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 213 (1998). A plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages. <u>Phiffer v. Colum. River Corr. Inst.</u>, 384 F.3d 791 (9th Cir. 2004).

However, Plaintiff cannot bring an action against state officials in their individual capacities under the ADA. <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002); <u>Eason v. Clark Cnty. Sch. Dist.</u>, 303 F.3d 1137, 1145 (9th Cir. 2002) (citing <u>Vinson</u>, 288 F.3d at 1156); <u>Garcia v. S.U.N.Y. Health Sciences Center</u>, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."). To the extent a plaintiff seeks to pursue claims against individual defendants for violations of the ADA, he may do so only by seeking injunctive relief and only as to individual defendants he has named in their official capacities. <u>Miranda B. v. Kitzhaber</u>, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (Title II's statutory language does not prohibit injunctive action against state officials in their official capacities).

Here, Plaintiff may only seek injunctive relief against the CO Defendants in their official capacities.  In this case, he seeks an injunction preventing Defendants from ordering Plaintiff to provide a urine sample in the presence of others, and requiring future drug use tests by taking blood, hair, or saliva samples or providing a "dry room" as well as other accommodations.  (Dkt. No. 1, Compl. at 28-29.)  However, the injunctive relief he seeks is now moot.

"An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995). While the policy at issue is state-wide under the California regulations and not a prison specific policy, as pled, Plaintiff's requested injunctive relief is moot since he has been transferred to SVSP and most recently to Lancaster State Prison on April 15, 2016. (Dkt. No. 8.)  He does not make any allegations that he is not being accommodated at his current prison.  Moreover, the complaint is not a class action so Plaintiff cannot seek to file suit for other prisoners in California and he has not alleged an exception to the mootness doctrine.  Accordingly, the Court GRANTS Defendants' motion to dismiss the injunctive relief.[5]  Since the injunctive relief cannot stand, Plaintiff's ADA claim fails, and the Court GRANTS Defendants' motion to dismiss the ADA claim.

## D.   Defendants Pimentel, Hodges, Hememway and Briggs

Defendants Pimentel, Hodges, Hemenway and Briggs move to dismiss arguing they have no liability under § 1983 for reviewing and rejecting Plaintiff's administrative appeals. (Dkt. No. 1, Compl. at 5-6, 17.)  The complaint merely alleges that these Defendants ruled on his appeals.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Therefore, appeals examiners' involvement in  reviewing a prisoner's

---

[5]Because the Court dismisses the ADA claim as moot, it need not address whether the ADA claim is barred under Heck.

[15cv2877-GPC(PCL)]

1   administrative appeal cannot serve as the basis for liability under § 1983.  <u>Id.</u>  The

2   Ninth Circuit has held that "inmates lack a separate constitutional entitlement to a

3   specific prison grievance procedure."  <u>Ramirez</u>, 334 F.3d at 860.  Therefore, the Court

4   GRANTS Defendants Pimentel, Hodges, Hemenway and Briggs' motion to dismiss.

5   **E.      Plaintiff's Motion to Amend**

6          Before the Court is also Plaintiff's motion for leave to amend the complaint to

7   add five new defendants who allegedly participated in the alleged misconduct.

8   Defendants oppose asserting that any leave to amend the complaint would be futile

9   under <u>Heck</u>.

10         Under Federal Rule of Civil Procedure ("Rule") 15(a), courts "should freely give

11  leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  Granting leave to

12  amend rests in the sound discretion of the trial court.  <u>Internat'l Ass'n of Machinists</u>

13  <u>& Aerospace Workers v. Republic Airlines</u>, 761 F.2d 1386, 1390 (9th Cir. 1985).

14  "Five factors are taken into account to assess the propriety of a motion for leave to

15  amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,

16  and whether the plaintiff has previously amended the complaint."  <u>Johnson v. Buckley</u>,

17  356 F.3d 1067, 1077 (9th Cir. 2004) (citing <u>Nunes v. Ashcroft</u>, 348 F.3d 815, 818 (9th

18  Cir. 2003)).  "[A] proposed amendment is futile only if no set of facts can be proved

19  under the amendment to the pleadings that would constitute a valid and sufficient claim

20  or defense."  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

21         First, Plaintiff seeks to add Warden R. Madden and Capt. J. Hill.  However,

22  liability may not be imposed on supervisory personnel under the theory of respondeat

23  superior.  <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>see</u> <u>Iqbal</u>,

24  556 U.S. at 676, and administrators may only be held liable if they "participated in or

25  directed the violations, or knew of the violations and failed to act to prevent them."

26  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  In his motion, Plaintiff has not

27  provided any facts that Madden and Hill participated, directed or knew about the

28  alleged civil rights violations and the cannot be sued based on their positions of

authority.  The Court DENIES Plaintiff's motion for leave to add R. Madden and J. Hill.

Next, Plaintiff seeks to add Lt. C. Williams and Lt. D.A. May as Defendants as they are already named in the body of the complaint but not listed as a named Defendant in the "Parties" section of the form complaint.  (Dkt. No. 1, Compl. at 11, 20, 12, 21.)  Because the Court grant Defendants' motion to dismiss the Complaint and the claims against Williams and May are the same as the other CO defendants, the Court DENIES Plaintiff's motion for leave to file an amended complaint to add C. Williams and D.A. May.

Lastly, Plaintiff seeks to add David Sidhu named as associate warden and inmate/parolee appeals.  Under either positions, Plaintiff fails to allege any facts to support liability against Sidhu.  As an associate warden, he has not presented any facts that Sidhu participated, directed or knew about the alleged violations, see Taylor, 880 F.2d at 1045, and as an appeals examiner, Plaintiff fails to assert a claim against Sidhu, see Ramirez, 334 F.3d at 860.

In sum, the Court DENIES Plaintiff's motion for leave to file an amended complaint as any amendment would be futile under Heck and the ADA.

### Conclusion

Based on the above, the Court GRANTS Defendants' motion to dismiss with prejudice and the Court DENIES Plaintiff's motion for leave to amend the complaint as futile.

IT IS SO ORDERED.


DATED:  March 3, 2017


HON. GONZALO P. CURIEL
United States District Judge

[15cv2877-GPC(PCL) ]